| **Matter of Rahman v City of New York** |
|:---:|
| 2024 NY Slip Op 30551(U) |
| February 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160076/22 |
| Judge: J. Machelle Sweeting |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:                    IAS PART 62
x-------------------------------------------------------------------x

In the Matter of the Application of
HAFIZUR RAHMAN,

                                        Petitioner,

          -against-                                                Index No. 160076/22
                                                                   **DECISION AND**
                                                                   **ORDER ON MOTION #001**

THE CITY OF NEW YORK, THE CITY OF NEW YORK
DEPARTMENT OF CORRECTION, LOUIS A. MOLINA,
as Commissioner of the City of New York Department of
Correction,

                                        Respondents.

x-------------------------------------------------------------------x

**HON. J. MACHELLE SWEETING, A.J.S.C.:**

Petitioner brings this Article 78 proceeding, seeking a judgment declaring the actions of

respondents are in violation of Section 75 of the Civil Service Law (CSL), Rule 5.7.4. of the

Personnel Rules and Regulations of the City of New York (CRR), Section 8-107 et sec. of the

New York Administrative Code (Code) and Section 290 et sec. of the New York Executive Law

(EL); declaring that the actions of respondents are arbitrary, capricious, unreasonable and

illegal; annulling respondents' determination to demote petitioner and reinstating him to his

prior permanent position; awarding petitioner actual damages to be determined at trial, including

back pay and benefits from July 28, 2022, including the date of his reinstatement; awarding

Petitioner compensatory damages for mental and emotional distress; awarding petitioner punitive

damages; enjoining respondents from further negative actions; and awarding petitioner pre- and

post-judgment interest and reasonable attorney's fees.

Page **1** of **6**

[* 1]

## FACTS

Petitioner alleges as follows:  Petitioner is an employee of respondents The City of New York (NYC) and The City of New York Department of Correction (DOC).  He previously held the permanent position of Captain until September 4, 2020, when he was promoted to the position of Assistant Deputy Warden.  Petitioner completed his one-year probationary period as of September 4, 2021.  He claims that, as of that date, he held a permanent position as Assistant Deputy Warden.

On April 7, 2022, petitioner suffered a severe heart attack.  He underwent heart surgery and was diagnosed with coronary heart disease.  While on sick leave and recovering from his heart condition, he received a letter from DOC, dated July 28, 2022, that he was to be demoted back to his Captain position.  Petitioner states that he was given no reason for his demotion. He also states that he was not allowed a hearing, pursuant to section 75 of CSL, to which all permanent employees are entitled.

Petitioner brings this Article 78 to annul this demotion, on the ground that it violates section 75 and other laws, and is arbitrary and capricious.  Petitioner also argues that he is a victim of discrimination due to his present physical impairment, race and gender. He claims that this is a retaliation for his taking off sick leave.  He states that he is presently the only Asian-American male employed as a permanent Assistant Deputy Warden in the DOC.

[* 2]

Petitioner also seeks to be reinstated as a permanent Assistant Deputy Warden and seeks various damages, plus reasonable attorney's fees.

In opposition, respondents argue that petitioner is not a permanent Assistant Deputy Warden and is not entitled to a hearing under Section 75. They contend that as a provisional employee, he can be demoted without cause or an explanation. According to them, petitioner's demotion without a hearing is proper unless the demotion was in bad faith, for a constitutionally impermissible or illegal purpose or in violation of statutory or decisional law.

Respondents contend that the demotion was not in bad faith. They submit evidence which shows how petitioner acted improperly in his position on several occasions. First, on January 6, 2021, petitioner failed to properly supervise a Captain who engaged in irregular conduct with an inmate. Second, on August 12, 2021, petitioner failed to follow orders to collect and upload reports to the Case Management Systems related to an incident which occurred when he was on duty. Third, petitioner failed to report for duty on ten occasions between February 6 and February 17, 2022. Respondents state that petitioner's demotion was based on these actions, which were adequate indications that he was not performing his duties in a satisfactory manner.

[* 3]

Regarding petitioner's claim of retaliatory action, respondents argue that no protective activity occurred. They assert that even though petitioner did not receive notice of demotion until over three months after his latest improper conduct cited, this in itself is not sufficient grounds for a claim of retaliation. As for claims of discrimination, respondents argue that petitioner has not adequately shown a clear inference of discrimination based on his race and gender.

In reply, petitioner argues that he completed his one-year probational period and is a permanent Assistant Deputy Warden, and that he is entitled to a hearing prior to any demotion. He contends that his demotion was retaliatory because respondents chose to demote him after he exercised his right to take sick leave to recover from a heart attack. He claims to be a victim of discrimination because non Asian- American women were not demoted on similar grounds. Petitioner states that respondents failed to submit performance reviews for him during his tenure as Assistant Deputy Warden indicating the quality of his work.

[* 4]

## CONCLUSIONS OF LAW

This proceeding is brought by petitioner pursuant to CPLR 7803 (3), on the ground that a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion. Petitioner asserts that he is a permanent employee because he served his one-year probationary term. He contends that his probationary term was not extended for any reason, and he is entitled to a hearing before any attempt at demotion by respondents. In their papers, respondents do not discuss petitioner's claim that he was a permanent Assistant Deputy Warden.

Section 11, 5.2.1(a) of Tile 55, Appendix A of the Rules and Regulations of the City of New York provides as follows:

> Every appointment and promotion to a position in the competitive or labor class shall be for a prohibitionary period of one year unless otherwise set forth in the terms and conditions of the certification for appointment and promotion as determined by the commissioner of citywide administrative services.

Petitioner argues that he was appointed Assistant Deputy Warden on September 4, 2020. It is not disputed that he was part of a competitive class and that the one-year period was applicable to the position. Respondents failed to address this issue in any way, which indicates that they are not challenging this claim as made by petitioner. Indeed, respondents have not offered any explanation as to why petitioner is not entitled to permanent status.

In the absence of any evidence to the contrary, this court finds that petitioner is a permanent employee and is entitled to a hearing pursuant to Article 57. Respondents are

[* 5]

required to hold a hearing at which petitioner can present his claims, including those alleging retaliation and discrimination, before the DOC.

For all the aforementioned reasons, it is hereby:

**ORDERED** that this petition is granted to the extent that the determination by respondent The New York City Department of Correction, dated July 28, 2022, demoting petitioner to the position of Captain is stayed pending a hearing pursuant to Section 75 of the New York Civil Service Law. Such hearing shall be scheduled by said respondent.

**2/21/2024**

**DATE**

**J. MACHELLE SWEETING, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]